1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CAMILLE JONES,

               Plaintiff,

        v.

MICHAEL J. ASTRUE,[1]
Commissioner of Social
Security,

               Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 06-2284-OP

MEMORANDUM OPINION AND
ORDER

The Court[2] now rules as follows with respect to the disputed issue listed in
the Joint Stipulation ("JS").[3]

   [1]  On February 12, 2007, Michael J. Astrue became the Commissioner of
the Social Security Administration.  Thus, Michael J. Astrue is substituted for
Commissioner Jo Anne B. Barnhart pursuant to Rule 25(d) of the Federal Rules
of Civil Procedure.

   [2]  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before
the United States Magistrate Judge in the current action.  (See Dkt. Nos. 7, 9.)

   [3]  As the Court advised the parties in its Case Management Order, the
decision in this case is being made on the basis of the pleadings, the
Administrative Record, and the Joint Stipulation filed by the parties.  In
accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has

(continued...)

1

## I.

## DISPUTED ISSUE

Plaintiff raises the following ground for reversal or remand:

Whether the ALJ properly identified Plaintiff's past relevant work.

## II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla," but "less than a preponderance."  Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401 (citation omitted).

The Court must review the record as a whole and consider adverse as well as supporting evidence.  Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986).  Where evidence is susceptible of more than one rational interpretation, the ALJ's decision must be upheld.  Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984).  However, a district court cannot affirm an ALJ's disability determination based on reasons and evidence the ALJ does not discuss.  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003); see SEC v. Chenery Corp., 332 U.S. 194, 196 (1947).  The ALJ has a duty to fully and fairly develop the record even when, as here, the claimant is represented

---

[3](...continued)
determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1 | by counsel.  <u>Celaya v. Halter</u>, 332 F.3d 1177, 1183 (9th Cir. 2003).

### III.

### DISCUSSION

The ALJ determined that Plaintiff retained the residual function capacity for simple work at all exertional levels.  (AR at 23.)  He also concluded that Plaintiff could perform her past relevant work, and, therefore, was not disabled.  (<u>Id.</u> at 23-24.)

In the only disputed issue, Plaintiff argues that the ALJ erred and remand is required because her only relevant past work – as a manager - shipping and receiving – did not qualify as "simple" work, and that the other work she performed in the past failed to rise to the level of substantial gainful employment.  (JS at 4-10.)  Plaintiff claims that the ALJ's failure to perform an analysis of her past work to determine whether it qualified as "past relevant work" or was in excess of her residual functional capacity constitutes reversible error.  (<u>Id.</u> at 10.)

Defendant does not dispute Plaintiff's contentions regarding the ALJ's failure to properly analyze Plaintiff's past work experiences.  Instead, Defendant argues that any error was harmless because even if the ALJ had determined Plaintiff was not qualified to do her past relevant work, the Medical-Vocational Guidelines (the "Grid") would direct a finding of not disabled.  (<u>Id.</u> at 11.)

The Court agrees with Defendant.  The ALJ determined that Plaintiff could perform work at all exertional levels.  (AR at 23.)  The only limitation the ALJ assessed was a limitation to "simple" work.  (<u>Id.</u>)  The Commissioner defines unskilled work as that "which needs little or no judgment to do simple duties that can be learned on the job in a short period of time," i.e., 30 days.  20 C.F.R. § 416.968(a).  The Grid itself contemplates only unskilled work.  Soc. Sec. Ruling 85-15 (the Grid rules "reflect the potential occupational base of unskilled jobs.")

Thus, even assuming the ALJ had found that Plaintiff was not able to do

1  her prior work, he would have proceeded to the next step of the analysis, which is

2  to determine whether the claimant has the residual functional capacity to perform

3  any other work.  Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).  The ALJ

4  implicitly made this determination when he concluded that Plaintiff had the

5  residual functional capacity to "perform simple work and comprehend

6  directions."  (AR at 24.)  His only error, and the Court finds it harmless, was that

7  the prior work experience itself did not fit into the category of simple work.

8  However, a review of the Grid confirms that a significant number of other such

9  jobs existed that Plaintiff still could perform.

10        Accordingly, based on the ALJ's residual functional capacity assessment,

11  his erroneous conclusion that Plaintiff could perform her past relevant work was

12  harmless because it does not negate the validity of his ultimate conclusion that

13  Plaintiff was not disabled, nor does it require remand.  See Batson v. Comm'r of

14  Soc. Sec. Admin., 359 F.3d 1190, 1997 (9th Cir. 2004).

15                                  **IV.**

16                                **ORDER**

17        IT IS HEREBY ORDERED THAT Judgment be entered affirming the

18  decision of the Commissioner and dismissing this action with prejudice.

19

20

21  DATED:  May 23, 2008

22                           HONORABLE OSWALD PARADA
                             United States Magistrate Judge

23

24

25

26

27

28